**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

STEVEN CRAWFORD,                     :

     Petitioner,                     :
                            Case No. 3:10cv00035

  vs.                     :

                                      District Judge Thomas M. Rose
WARDEN, Chillicothe Correctional     :     Magistrate Judge Sharon L. Ovington
Institution,
                    :

     Respondent.                     :

                    :

---

**REPORT AND RECOMMENDATIONS[1]**

---

## I.     INTRODUCTION

     Steven Crawford is an inmate in state custody due to his two felony convictions in the Montgomery County, Ohio Court of Common Pleas. (Doc. # 4 at 2).[2]  He is presently serving a four-year sentence at the Chillicothe Correctional Institution in Chillicothe, Ohio.  *Id.*  He brings this case *pro se* seeking a Writ of Habeas Corpus under 28 U.S.C. § 2254.

     The case is before the court upon Respondent's Motion to Dismiss Crawford's

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2]  Citations to page numbers in document refer to the page numbers assigned by the Court's case management electronic filing system.

Habeas Corpus Petition as untimely (Doc. #4), Crawford's Response in Opposition to Respondent's Motion to Dismiss (Doc. #6), Respondent's Reply to Crawford's Response (Doc. #7), Crawford's Supplemental Memorandum Opposing Respondent's Motion to Dismiss (Doc. #8), and the record as a whole.

## II.     PROCEDURAL HISTORY

### A.     Crawford's State Conviction

In April 2007 the Montgomery County Grand Jury indicted Crawford on one count of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1); one count of felonious assault (deadly weapon) in violation of Ohio Revised Code § 2903.11(A)(2); and one count of felonious assault (serious harm) in violation of Ohio Revised Code § 2903.11(A)(1).  (Doc. # 4, Exhibit 1 at 30).  Upon arraignment, Crawford pled not guilty to each charge.  (Doc. # 4, Exhibit 2 at 33).

The case proceeded to a jury trial. On July 19, 2007, the jury found Crawford guilty of two counts of felonious assault and not guilty of aggravated robbery.  (Doc. # 4, Exhibit 3 at 34).  The trial court merged the two counts for sentencing purposes and sentenced Crawford to a total of four years incarceration.  (Doc. # 4, Exhibit 4 at 35).

### B.     Direct Appeal

Crawford, with the assistance of counsel, timely appealed.  On August 8, 2008, the Ohio Court of Appeals affirmed the judgment of the trial court.  (Doc. # 4, Exhibit 8 at 129).  Crawford failed to take further action until September 11, 2009, when he filed a *pro se* motion for delayed appeal in the Ohio Supreme Court.  (Doc. # 4, Exhibit 9 at

2

131).  On November 4, 2009, the Ohio Supreme Court denied his motion for a delayed appeal and dismissed the case.  (Doc. # 4, Exhibit 10 at 157).

## C.    Motion for Judicial Release

On February 29, 2008, Crawford, with assistance of counsel, filed a motion for judicial release in the Montgomery County Court of Common Pleas.  (Doc. # 4, Exhibit 11 at 158).  The trial court overruled his motion on April 4, 2008.  (Doc. # 4, Exhibit 12 at 160).  Crawford did not appeal this decision, most likely as denial of judicial release is not appealable.  *See State v. Woods*, 752 N.E.2d 309 (6th Cir. 2001).

## D.    Federal Habeas Corpus Petition

Having exhausted all his state options for relief, Crawford filed his present, *pro se*, habeas petition in this Court on January 26, 2010.  He asserts the following grounds for relief.

**Ground One:** Ineffective assistance of counsel.

*Supporting Facts*: "The trial counsel failed to request a jury instruction of the lesser included offense of aggravated assault thereby violating Mr. Crawford's right to due process under the U.S. Constitution and the element of serious provocation."

**Ground Two:** Improper jury instructions.

*Supporting Facts:* "The trial court erred to the prejudice of the Petitioner when it failed to appropriately instruct the jury on all the elements of self-defense denying Mr. Crawford a fair and reliable determination of his guilt violating his rights under the U.S. and State Constitution."

**Ground Three:** Ineffective assistance of counsel.

*Supporting Facts:* "Trial counsel did not instruct the [not legible] allied offenses of

3

similer [sic] imports.  The indictment or information may contain counts for all
such offenses, but the defendant may be convicted of only one."

(Doc. # 2 at 17-18.)

## III.    ANALYSIS

## A.      Statute of Limitations

Respondent contends that Crawford's Petition is barred by the applicable one-year

statute of limitations.  This contention is well taken.

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA)[3] applies

to Crawford's habeas Petition because he filed it on December 23, 2009, well after the

AEDPA became effective.

The AEDPA contains a one-year statute of limitations. 28 U.S.C. § 2244(d)(1).

The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on direct review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

---

[3]  The AEDPA is codified in part at 28 U.S.C. § 2241, et. seq.

28 U.S.C. § 2244(d)(1).

The AEDPA permits tolling of its one-year statute of limitation as follows:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 22444(d)(2).

In Crawford's case his judgment of conviction became final by the conclusion of direct review on September 22, 2008, because this was the date his time expired for filing an appeal with the Supreme Court of Ohio. However, on September 11, 2009, Crawford filed a motion for delayed appeal in the Ohio Supreme Court, tolling the statute of limitations. (Doc. #4 , Exhibit 9 at 131). By that date, 354 days had lapsed. Tolling continued until the Ohio Supreme Court dismissed Crawford's Motion for Delayed Appeal on November 4, 2009. (Doc. #4, Exhibit 10 at 159).

Although Crawford's motion for delayed appeal had a tolling effect, it did not restart the statute of limitations. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Accordingly, the statute of limitations continued to run on November 5, 2009 the day after the Ohio Supreme Court dismissed Crawford's appeal. With eleven days remaining, the limitation period expired on November 15, 2009. Therefore, Crawford had until November 15, 2009, in which to file his habeas petition. The record reflects Crawford filed his habeas petition on January 26, 2010, more than two months after the statute of limitations expired. (Doc. #2 at 14).

Crawford contends the AEDPA one-year statute of limitations should be equitably tolled because his appellate counsel prevented him from filing in a timely manner. Crawford alleges his appellate counsel's failure to provide a copy of the Final Entry from the Ohio Court of Appeals created an impediment and § 2244(d)(2) applies.

The United States Supreme Court has recently held the one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *Holland v. Florida*, 560 U.S. ___, 2010 WL 2346549 (2010).  However, a federal habeas petitioner will not be able to rely upon equitable tolling to overcome the filing of an untimely petition unless he shows that "he has been pursuing his rights diligently" and that extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  Evaluating whether a federal habeas petitioner is entitled to the benefit of equitable tolling the Court considers the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing ones rights; (4) absence of prejudice to the respondent; and (5) the reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Andrews v. Orr*, 851 F.2d (6th Cir. 1988).

In the instant case, the key issue is when did Crawford receive from his counsel the Ohio Court of Appeals' decision on his direct appeal?  Crawford has set forth limited evidence in the form of a letter he sent to his appellate counsel and a Writ of Mandamus he filed with the Montgomery County Court of Common Pleas.  Crawford sent appellate counsel a letter dated October 21, 2008, inquiring about the status of his direct appeal.

6

(Doc. #6, Exhibit 1 at 169).  But he failed to take further action until April 23, 2009, when he filed his petition for a Writ of Mandamus. On June 3, 2009, the court ordered Crawford's former appellate counsel to answer Crawford's Petition.  In response on June 9, 2009,  counsel provided Crawford with the Ohio Court of Appeals' Final Entry.  (Doc. #6, Exhibit 3 at 172-73).

Crawford's bare assertion that his appellate counsel's performance was deficient is contradicted by Respondent's persuasive evidence.  Respondent submits copies of the prison mailing records, indicating Crawford received an original copy of the Ohio Court of Appeals' Final Entry on August 15, 2008 from his appellate counsel.  (Doc. #7, Exhibit 2 at 182.)  Furthermore, his appellate counsel directly refuted Crawford's allegations in his motion to dismiss Crawford's petition for a writ of mandamus.  Crawford's appellate counsel stated,

> "[he] is confident he sent out all documents requested by the inmate, most specifically the decision and entry sought, in an abundance of caution, the decision of the Court of Appeals ... and the Final Entry were mailed to Mr. Crawford via regular mail on June 9, 2009 and via certified mail on June 10, 2009."

(Doc. #7, Exhibit 1 at 180-81.)

Thus, Crawford has failed to demonstrate that an extraordinary circumstance prevented him form learning of when the statute of limitations began to run.  Next, Crawford has not demonstrated he acted diligently and that equitable tolling should apply. The Ohio Supreme Court denied Crawford's motion for leave to file a delayed appeal on November 4, 2009.  At that point, Crawford still had eleven days in which to file a timely

habeas petition.  However, Crawford allowed the statute of limitations to expire by waiting until January 26, 2010, an additional eighty-one days to file his federal Habeas Petition.  Accordingly, Crawford's Petition is time barred.

## B.    Procedural Default

Even assuming arguendo  that equitable tolling should apply, Crawford's claims are procedurally defaulted. Crawford failed to comply with a state procedural ruled by not filing his appeal to the Ohio Supreme Court within the period set forth by Ohio Supreme Court Rules, and the Ohio Supreme Court denied his motion for delayed appeal.  Under Ohio Supreme Court Rule II § 2(A)(4)(a), an appellant  has forty-five days in which to file a notice of appeal and a memorandum in support of jurisdiction in the Ohio Supreme Court.  The Sixth Circuit has previously held that denial of review on the basis of Rule II § 2(A)(4)(a) is an adequate procedural ground to foreclose federal habeas review.  *See Smith v. State of Ohio Dept. Of Rehab. and Corrections*, 463 F.3d 426, 431-32 (6th Cir. 2006) ; *see also Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). .

A federal habeas petitioner can overcome the procedural default by demonstrating either: (1) the cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) a fundamental miscarriage of justice will result from the failure to consider the merits of the claims.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Monzo v. Edwards*, 281 F.3d 568, 575 (6th Cir. 2002).

Even if Crawford had shown cause due to his appellate counsel's alleged failure to provide him with a copy of the Ohio Court of Appeals' Final Entry, he still cannot show

prejudice.  Sixth Circuit precedent provides that there is a rebuttable presumption that a petitioner is not prejudiced by appellate counsel's conduct where, "the period of time between when the defendant learned of the decision and when he . . . attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal."  *Smith*, 463 F.3d at 434 (emphasis added).  Crawford alleges he first received the Ohio court of Appeals' Final Entry on June 9, 2009.  (Doc. # 6, Exhibit 3 at 172-73.) Thus, he had until July 24, 2009, to seek review in the Ohio Supreme Court to avoid the presumption he was not prejudiced by his appellate counsel.  *Id*.  However, Crawford filed a notice of appeal in the Ohio Supreme Court on September 11, 2010, ninety-four days after receiving a copy of the Final Entry.  Because this was well beyond the allotted 45-day Ohio Supreme Court  time limit, Crawford cannot show prejudice sufficient to excuse his procedural default.  *Id.*  Accordingly, Respondent's Motion to Dismiss (Doc. # 7) is well taken and the AEDPA's one-year statute of limitation bars Crawford's Petition.

## IV. CERTIFICATE OF APPEALABILITY

Before Crawford may appeal a denial of his habeas petition, he must first obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right.  *Id*.; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)  If a habeas petition is rejected on procedural grounds without reaching the merits of the petitioner's claims, the petitioner obtains a certificate of appealability by demonstrating that reasonable jurists

9

would find it debatable whether (1) the petitioner has stated a valid constitutional claim and (2) the District Court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

 For the reasons stated above, reasonable jurists could not debate that Crawford's Petition is time barred or that his claims are procedurally defaulted.  Consequently, a certificate of appealability should not issue.

### IT IS THEREFORE RECOMMENDED THAT:

1. Steven Crawford's Petition for Writ of Habeas Corpus (Doc. #2 ) be DENIED;

2. A certificate of appealability under 28 U.S.C. § 2253(c) not issue, and;

3. The case be terminated on the docket of this Court.


September 10, 2010                               ___s/Sharon L. Ovington____
                                                Sharon L. Ovington
                                                United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after

10

being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).